IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 14–cv–01907–WJM–KMT

HARBINGER CAPITAL PARTNERS LLC,
HGW US HOLDING COMPANY LP,
BLUE LINE DZM CORP., and
HARBINGER CAPITAL PARTNERS SP, INC.,

    Plaintiffs,

v.

CHARLES W. ERGEN,
DISH NETWORK CORPORATION,
L-BAND ACQUISITION LLC,
SP SPECIAL OPPORTUNITIES LLC,
SPECIAL OPPORTUNITIES HOLDINGS LLC,
SOUND POINT CAPITAL MANAGEMENT LP, and
STEPHEN KETCHUM,

    Defendants.

## ORDER

This matter is before the court on "Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss the Complaint" (Doc. No. 45 [Mot.], filed November 11, 2014). Plaintiff filed its response on December 2, 2014 (Doc. No. 60 [Resp.]), and Defendants filed their reply on December 16, 2014 (Doc. No. 62 [Reply]).

This action is brought under the Racketeering Influenced and Corrupt Organization Act ("RICO") and the Colorado Organized Crime Control Act ("COCCA"). (*See* Doc. No. 1.) Defendants ask the Court to stay discovery in this case until after ruling on their Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), 8(a) and 9(b) (Doc. No. 39, filed October 2, 2014).

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07–cv–00267–EWN–MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02–cv–01934–LTB–PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., Federal Practice and Procedure § 2040, at 521–22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F .3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion, the court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously with discovery and the potential prejudice to the

plaintiff of a delay; (2) the burden on the defendant of proceeding with discovery; (3) the convenience to the court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The first factor that the court considers is the interest of Plaintiff in proceeding expeditiously with discovery and the potential prejudice to Plaintiff of a delay. *See String Cheese Incident*, 2006 WL 894955, at *2. Defendants argue a stay of discovery will not prejudice Plaintiff because the majority of the documents relevant to Plaintiff's claims have already been produced in bankruptcy proceedings in the U.S. Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"); because the Motion to Dismiss, if granted, would moot Plaintiff's proposed discovery; and the discovery schedule proposed by Plaintiff allows at least fourteen months for discovery. (Mot. at 10-11.) Plaintiff argues that it will be prejudiced by a stay because the parties need sufficient time for fact and expert discovery, given the complexity of the claims. (Resp. at 7-8.) Though the Court recognizes the need for Plaintiff to proceed expeditiously, Plaintiff's argument that it needs sufficient time for discovery is not persuasive. If the Court stays discovery in this matter, after the stay is lifted the Court will revisit the deadlines in the Scheduling Order and reset the deadlines as necessary. Thus, the Court finds that the first *String Cheese Incident* factor weighs in favor of the entry of a stay.

With regard to the second factor, the Court finds that Defendants have not demonstrated that proceeding with the discovery process presents an undue burden. However, Defendants are correct that proceeding will be wasteful if the District Judge grants the Motion to Dismiss. The

Court therefore finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous*, 201 F.R.D. at 5 (stating that staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is granted, there will be no need for [further proceedings].").

With regard to the fourth factor, there are no nonparties with significant particularized interests in this case. Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor, the Court finds that the public's only interest in this case is a general interest in its efficient and just resolution. Avoiding wasteful efforts by the Court clearly serves this interest. Thus, the fifth *String Cheese Incident* factor weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motion to Dismiss is appropriate. Accordingly, it is

**ORDERED** that "Defendants' Motion to Stay Pending Resolution of Defendants' Motion to Dismiss the Complaint" (Doc. No. 45) is **GRANTED**. All discovery and deadlines in the case are STAYED pending ruling on the Motion to Dismiss. The parties shall file a joint

status report within ten days of ruling on the Motion to Dismiss to advise if a scheduling conference should be set.

Dated this 10th day of March, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge